UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02333-ODW (DTBx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | *Justin Nielsen v. Nissan North America, Inc. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**     **In Chambers**

    On July 25, 2025, Plaintiff Justin Nielsen initiated this action against Defendant Nissan North America, Inc. in state court. (Decl. Charles F. Harlow ("Harlow Decl.") ISO Removal Ex. 1 ("Complaint"), ECF No. 1-1.) The Complaint alleges breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.*) Plaintiff seeks rescission of the purchase contract; restitution; attorneys' fees; civil penalties; and general, special, and incidental damages. (*Id.*, Prayer for Relief.) On September 5, 2025, Defendant removed the action to this Court based on diversity jurisdiction. (Notice Removal ("NOR"), ECF No. 1.) On September 17, 2025, the Court ordered Defendant to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Order, ECF No. 7.) On September 24, 2025, Defendant filed a Response. (Resp., ECF No. 8.)

    Upon review of Defendant's Notice of Removal and Response to the Court's Order to Show Cause, the Court finds Defendant fails to establish that the amount in controversy exceeds $75,000, and accordingly **REMANDS** the action.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02333-ODW (DTBx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | *Justin Nielsen v. Nissan North America, Inc. et al.* | | |

federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

Here, Defendant argues that Plaintiff's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the compensatory damages in civil penalties and attorneys' fees. (NOR ¶¶ 3–4; Resp. 2–5.) Defendant asserts that Plaintiff's actual damages in controversy total at least $ 40,481.88 including a mileage offset, optional equipment, and manufacturer's rebate. (Resp. 2–3.) Defendant also contends that because Plaintiff seeks "civil penalties of two times actual damages," (*id.* at 3; Compl. ¶ 26), the amount in controversy should include the maximum "civil penalty" of more than $120,000, (Resp. 3). Finally, Defendant contends that should the case proceed to trial "the expected fees based on experience with similar claims and repair history that will be incurred in fact discovery, expert discovery, preparation of trial documents and trial itself in this case will likely exceed $30,000." (*Id.* at 5; Decl. Charles F. Harlow ("Harlow Decl.") ISO Resp., ECF No. 8-1.)

First, Defendant's inclusion of civil penalties to establish the amount in controversy highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). Defendant fails to establish that inclusion of civil penalties is appropriate.

Next, Defendant fails in its burden with respect to attorneys' fees. Defendant cites several cases where plaintiffs requested higher amounts of attorneys' fees, and contends that Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02333-ODW (DTBx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | *Justin Nielsen v. Nissan North America, Inc. et al.* | | |

estimated current and future attorneys' fees are based on "substantial experience [of Defendant's counsel] litigating this body of law," and "similar fees claimed for work performed to date," as well as "expected fees based on experience with similar claims and repair history that will be incurred in fact discovery, expert discovery, preparation of trial documents and trial itself in this case." (Resp. 4–5). However, the Court is not persuaded that the cases Defendant cites are sufficiently analogous to justify inclusion of the proposed attorneys' fees. *See Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award."); *D'Amico v. Ford Motor Co.*, No. 2:20-cv-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). Defendant fails to establish that inclusion of the proposed attorneys' fees is appropriate.

Defendant's failure to establish that inclusion of civil penalties or attorneys' fees is appropriate dooms federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Absent civil penalties and attorneys' fees, Defendant establishes an amount in controversy of only $40,481.88. This falls short of Defendant's burden to establish the requisite $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Riverside, 4100 Main Street, Riverside, CA 92501, Case No. CVME2508406.

All dates are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |